PEOPLE, Respondent, v. FRANK ANDERSON, Appellant.

No. 2655; November 17, 1871.

Trial—Reading Law Reports to Jury.—There is No Error in calling the attention of counsel in the jury's presence to the impropriety of reading law reports to the jury.

Self-defense.—An Instruction may be Wrong in Omitting to Inform the jury under what circumstances an apparent necessity for self-defense would have justified the defendant in the killing, but if this omission is so fully cured, in the instructions given at the defendant's instance, that the jury cannot possibly have been misled to the defendant's prejudice, the error is not a reversible one.

APPEAL from Sixth Judicial District, Sacramento County.

Attorney General for respondent; Haymond & Jones for appellant.

See People v. Anderson, 44 Cal. 65.

CROCKETT, J.—In summing up the case, the counsel for the defendant, by way of illustrating his argument, read to the jury and commented on several adjudged cases, and com-

pared the facts of those cases with those of the case on trial. At the close of the argument the court, in the presence of the jury, stated to the counsel that reading law to the jury by counsel was improper and calculated to mislead them, and would not have been permitted if it had been objected to; that the written instructions of the court were the only guide for the jury in this case on questions of law. This observation of the court is assigned as error on appeal. That it is the duty of the jury in a criminal case to take the law from the court is too well settled in this state to admit of discussion; and the court was perfectly correct in stating that the practice of reading law to the jury by counsel is improper, and calculated to mislead and confuse them. There was no error in calling the attention of counsel, in the presence of the jury, to the impropriety of this course.

There is but one other ground of error relied upon, to wit, that the eighth instruction given at the instance of the prosecution was erroneous. This instruction is certainly objectionable in omitting to inform the jury under what circumstances an apparent necessity for self-defense would have justified the defendant in killing the deceased. But this omission was so fully cured in the instructions given on the request of the defendant, that it is impossible the jury could have been misled to the prejudice of the defense.

Judgment affirmed.

We concur: Rhodes, C. J.; Wallace, J.

I concur in the judgment: Sprague, J.